**Elizabeth K. SAUM, Plaintiff,**

v.

**Dr. Sheila WIDNALL, et al., Defendants.**

**Civil Action No. 95–K–1340.**

United States District Court,
D. Colorado.

March 14, 1997.

J. Joseph Sher, Senior Trial Counsel, Civ. Div., Torts Branch, U.S. Dept. of Justice, Washington, DC, J. Benedict Garcia, Asst. U.S. Atty., Denver, CO, for Defendants.

James M. Lyons, Rothgerber, Appel, Powers & Johnson, Denver, CO, for Special Master.

## ORDER

KANE, Senior District Judge.

This case finally settled in January 1997 and I received the parties' Joint Stipulation for Dismissal and form Order for my signature on January 16, 1997. By Order dated January 17, 1997, I informed the parties I would wait to sign the dismissal order until I received a final report from the Special Master. I ordered the Special Master to file a final report containing a statement of time expended and customary rates charged as well as a claim for compensation and recommendation as to the amounts to be allocated to the respective parties.

Special Master James M. Lyons filed his Final Report on February 18, 1997, setting forth the course of the proceedings and detailing the hours spent securing the settlement of this case. With respect to the allocation of fees and costs between the parties, the Special Master recommended fees and costs incurred through September 25, 1996 be divided equally between Saum and the Defendants, and those incurred from September 26 through January 13 be allocated ⅛ to Saum and ⅞ to Defendants. *See* Final Report of the Special Master, ¶ 10. This allocation resulted in a recommended payment of $9,112.91 by Saum, and $11,340.40 by Defendants. *Id.,* ¶ 11.

By Minute Order dated February 19, 1997, the parties were given until March 3, 1997 to file any written objections to the Report. Both parties have now done so. Plaintiff Saum agrees the Special Master's recommendation as to amount of fees and expenses is reasonable, but argues Defendants should be responsible for the entire amount because the appointment of the Special Master in the first instance was due to Defendants' "recalcitrance." In addition, Saum claims the terms of the parties' confidential settlement leave her without funds to pay any portion of the fee. Although Defendants argue they are shielded by sovereign immunity from being ordered to pay special master fees, they contest neither the Special Master's "perception of the process by which this case was brought to resolution" nor his recommendation regarding the amount and allocation of fees and expenses set forth in the Final Report.

As an initial matter, the government is not immune from sharing in the costs of the Special Master, having waived sovereign immunity under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). The EAJA specifically provides that an award of costs "as enumerated in section 1920 of this title," may be awarded against the United States. Section 1920, in turn, provides for the taxation, as an item of costs, the "[c]ompensation of court appointed experts." The appointment of Special Master Lyons in this case falls within the meaning of § 1920(6), and his compensation is taxable as an item of costs. *See Organization for Reform of Marijuana Laws v. Mullen,* 828 F.2d 536, 545–46 (9th Cir.1987) (because a court may assess a

private party for master's fees and expenses as costs, the court may also assess the United States for such costs) (citing 6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 54.77[3] (1986) (fees and expenses necessary to carrying out an order of reference to a special master are "costs" within the meaning of Rule 54(d) and hence are taxable.)).

Alternatively, the legislative history of the EAJA, as interpreted by the Tenth Circuit, suggests Congress intended to waive immunity for special master costs under Fed. R.Civ.P. 53(a) Rule 53(a) provides for the appointment and compensation of special masters as follows:

> The court in which any action is pending may appoint a special master therein.... The compensation to be allowed to a master shall be fixed by the court, and shall be charged upon such of the parties or paid out of any fund or subject matter of the action, which is in the custody and control of the court as the court may direct.

As the Tenth Circuit stated in *Adamson v. Bowen,* 855 F.2d 668, 672 (10th Cir.1988), Congress's "key focus [in enacting the EAJA] was that government and private litigants become and remain subject to fees and expenses [contemplated by the Rules of Civil Procedure] in a parallel manner." In that case, the Tenth Circuit looked to the legislative history and concluded the EAJA waives sovereign immunity as to Rule 11 sanctions. The government's position in this case, namely to benefit from the efficiencies and hard work of a special master but to cower behind sovereign immunity when it comes to his compensation, would put the government on unequal footing with private litigants and flies in the face of the EAJA.

I find Congress has waived sovereign immunity for costs and fees of special masters appointed pursuant to Rule 53, and reject Defendants' assertion to the contrary in their Response.

I also reject Plaintiff Saum's assertion that Defendants should be allocated 100% of the Special Master's fees and expenses. I delegated the issue of allocation to the Special Master, who was in the best position given the confidential nature of the settlement proceedings to determine the proportion in which the parties should share the costs associated with his time and effort. I find the Special Master's skills were necessary to the resolution of this case and that he fulfilled his responsibilities ably and well under trying and tedious circumstances. His recommendations as to the amount and allocation of his fees and expenses are eminently reasonable. Accordingly,

I ADOPT the Final Report of the Special Master filed February 18, 1997 as an ORDER of the court. I note that under Rule 53(a), a special master may not retain his report as security for payment. However, if a party ordered to pay refuses to do so, the special master will be "entitled to a writ of execution against the delinquent party."

## FINAL REPORT OF THE SPECIAL MASTER

James M. Lyons, Special Master for settlement and discovery, submits herewith his report to the Court and the parties concerning the status of this matter. This report is prepared and submitted pursuant to the Court's order of January 17, 1997.

1. The undersigned was appointed Special Master by this Court on April 12, 1996. The Court's order referred this matter to the Special Master for discovery and settlement purposes. After initial review of the pleadings and related materials in the case, the Special Master met with counsel for the parties on or about May 7, 1996 at the United States Air Force Academy in Colorado Springs in order to initiate a framework for settlement discussions and to resolve then-outstanding discovery issues.

2. On June 4, 1996, the defendants filed their motion and brief regarding transfer of this matter to the United States Court of Claims. The apparent statutory effect of this motion was to stay any further proceedings in this Court with respect to the merits of this action. However, the parties, at the suggestion of the Court and the Special Master, agreed to continue settlement discussions pending resolution by the Court of the transfer motion.

3. On June 5, 1996, the Special Master drafted and submitted his report concerning a discovery schedule and recommended rulings on responses and objections to discovery.

4. In connection with further settlement efforts, the Special Master met in Washington, D.C. with Sheila Cheston, general counsel to the Air Force, and Joseph Sher, counsel of record for the defendants, on June 14, 1996. Subsequent to that date, various settlement discussions were conducted under the auspices of the Special Master and by the parties themselves, acting through counsel, Ms. Besikof and Mr. Sher. These discussions occurred at various times during the months of June, July and August, 1996, and appeared to be fruitful. Accordingly, the Special Master convened a settlement conference of the parties and their counsel in connection with an August 22, 1996 status conference conducted by the Court in Denver. The August 22, 1996 settlement conference involved the Special Master, Mr. Steven Saum, the plaintiff and her attorney, Doris Besikof, Joseph Sher, counsel for the. defendants, and Col. Charles Wilcox and Matthew Slater, Deputy General Counsel, representing the United States Air Force. These discussions were conducted throughout the day and, after a dinner break, well into the late evening hours of August 22, 1996.

5. As a result of these negotiations, the parties through their counsel, Ms. Besikof and Mr. Sher, reached a settlement agreement in principle. It was understood that counsel for the parties would draft the appropriate documents to memorialize and effectuate the settlement in principle which had been reached. Correspondence to this effect was exchanged between counsel for the parties and the Special Master informed this Court of the settlement in principle by letter dated September 21, 1996.

6. In the ensuing weeks, the Special Master was periodically informed by counsel for the parties that settlement documents were in preparation or under review by various persons, including trust and tax attorneys and governmental authorities. However, as the weeks went by, it became increasingly evident that the settlement in principle reached by the parties was stalled. Accordingly, additional telephone conferences were conducted between and among the parties, their counsel, and the Special Master at various times during September, October and November, 1996. Although some settlement documents were drafted and exchanged, final documents were not completed and it appeared that the settlement was in jeopardy. The Special Master so advised the Court, which then set the matter for hearing on December 13, 1996.[1]

7. Prior to the December 13, 1996 hearing, the parties again met with the Special Master and were able to conclude and confirm the settlement agreement which had been reached in principle. The parties and the Special Master appeared before the Court on December 13, 1996, at which time the Court vacated its earlier orders of November 19 and November 27 and directed the parties to consummate the settlement and file an appropriate Rule 41(a) stipulation for dismissal with prejudice on or before January 10, 1997. The parties did in fact consummate the settlement; however, this was not accomplished until approximately January 17, 1997.

8. Attached to this report is a fully itemized statement of services rendered and costs advanced in this matter by the Special Master. The Special Master's services were rendered from April 16, 1996 through January 13, 1997. (Although additional time has been expended since January 13, 1997 through this date, no compensation is sought after January 13, 1997.) Through January 13, 1997, the Special Master expended 88.7 hours and his assistant/paralegal expended 6.5 hours. In addition, costs (Federal Express, photocopying, long-distance telephone and teleco-

---

**1.** On November 19, 1996, the Court ordered that Sheila Widnall, Secretary of the United States Air Force, and other Air Force officials named in their official capacities or individually, appear in person at the hearing on December 13, 1996.

This Order, which the Court clarified and refused to stay, resulted in the filing of a petition for extraordinary writ of mandamus by the defendants. This writ was later dismissed as moot.

pies) were advanced in the amount of $297.81.[2]

9. The regular hourly rate normally charged by the Special Master during 1996 was $250. As of October 1, 1996, this hourly rate of the Special Master was increased to $275. However, taking into account the nature of this matter and the parties, the Special Master has computed his hours based on hourly rates of $220 (through September, 1996) and $225 (October, 1996 through January 13, 1997). The hourly rate of Ms. Mather is $75. The total time cost for this matter is thus as follows:

| | | |
|---|---|---|
| James M. Lyons | 88.7 hours at $220-$225 | $19,668.00 |
| Donna Mather | 6.5 hours at $75 | 487.50 |
| Total expenses | | 27.81 |
| Total | | $20,453.31 |

10. The Court has requested the Special Master to recommend an allocation of fees and expenses to the parties. In this regard, the Special Master notes that an agreement in principle was reached on or about September 25, 1996 through the efforts of both sides. Accordingly, fees for time spent through September 25, 1996 of $13,473 should be divided equally between the plaintiff and the defendants. This would result in an allocation of $6,736.50 in fees and $148.91 in costs to each party. However, from September 26, 1996 through January 13, 1997, it appears that the delay in completing and consummating the settlement was not principally caused by the plaintiff, but was presumably due to delay on the defense side in confirming the settlement and processing it through various levels of review and bureaucracy. Accordingly, the Special Master believes that time after September 25, 1996 ($6,682.50) should be allocated one-third to the plaintiff and two-thirds to the defendants.

11. Accordingly, the Special Master recommends that his fees and costs in connection with this matter be allocated as follows:

| | | |
|---|---|---|
| Plaintiff | $ 8,964.00 | (fees) |
| | 148.91 | (costs) |
| | $ 9,112.91 | |
| Defendants | $11,191.50 | (fees) |
| | 148.90 | (costs) |
| | $11,340.40 | |

Respectfully submitted this 18th day of February, 1997.

2. During the period June through August, 1996, the Special Master was assisted in various research projects by Kristin Bronson, a summer associate who spent 37 hours at an hourly rate of $55, for a total of $2,035. No compensation is sought for these services.

## ROTHGERBER, APPEL, POWERS & JOHNSON LLP

**REMIT PAYMENT TO:**          OFFICES IN:

ONE TABOR CENTER                DENVER, COLORADO (303) 623-9000

SUITE 3000                            CHEYENNE, WYOMING (307) 638-6262

1200 SEVENTEENTH STREET    COLORADO SPRINGS, COLORADO (719) 386-3000          FED. TAX I.D.# 84-0423812

DENVER, COLORADO 80202

JANUARY 31, 1997                                                                     1

THE HONORABLE JOHN L. KANE, JR.
UNITED STATES DISTRICT COURT
UNITED STATES COURTHOUSE
1929 STOUT STREET, ROOM C-550
DENVER, CO 80294                                    INVOICE NO. 8827411

                                                   108      46204      102

RE: ELIZABETH K. SAUM V. WIDNALL, ET AL.

PREVIOUS BALANCE DUE THIS MATTER                                      $.00

BALANCE FORWARD THIS MATTER                                          $.00

FOR SERVICES RENDERED THROUGH  1/17/97

| DATE | ATTY | HOURS | DESCRIPTION | |
|------|------|-------|-------------|---|
| 4/16/96 | JML | 2.00 | INITIAL REVIEW OF PLEADINGS AND JUDGE KANE'S ORDERS; MEETING WITH JUDGE KANE; | 440.00 |
| 4/17/96 | JML | .40 | LETTER TO COUNSEL; | 88.00 |
| 4/18/96 | JML | .40 | REVIEW OF OBJECTION (AIR FORCE) TO SPECIAL MASTER APPOINTMENT; | 88.00 |
| 4/19/96 | JML | 1.50 | REVIEW OF PLAINTIFF'S INTERROGATORIES AND REQUESTS TO PRODUCE; REVIEW OF PLAINTIFF'S RESPONSE TO AF OBJECTION TO SPECIAL MASTER; CONFERENCE CALL WITH COUNSEL; REVIEW JUDGE KANE'S ORDER DENYING OBJECTION (NO CHARGE); | 330.00 |
| | DJM | 1.00 | TAKE NOTES--INITIAL CONFERENCE CALL WITH COUNSEL; | 75.00 |
| 4/22/96 | DJM | 1.50 | DRAFT MEMO RE NOTES OF CONFERENCE CALL AMONG COUNSEL (4/19); ORGANIZE FILES; | 112.50 |
| 5/02/96 | JML | 1.00 | REVIEW OF PLAINTIFF'S SETTLEMENT SUBMISSION AND EXHIBITS; REVIEW OF USAF GC CORRESPONDENCE OF MAY 2, 1996; | 220.00 |
| 5/03/96 | JML | 1.00 | CONFERENCE CALL WITH COUNSEL; TELEPHONE CONFERENCE(S) WITH KANE/STATUS REPORT; | 220.00 |
| | DJM | .40 | TAKE NOTES OF CONFERENCE CALL WITH COUNSEL; | 30.00 |
| 5/06/96 | DJM | .60 | PREPARATION OF MEMO SUMMARIZING 5/3/96 CONFERENCE CALL WITH COUNSEL; | 45.00 |
| 5/07/96 | JML | 4.50 | MEETING WITH COUNSEL (COLORADO SPRINGS, AFA)-- SETTLEMENT/DISCOVERY ISSUES; | 990.00 |
| 5/22/96 | JML | .70 | CONSULTATION WITH KRISTIN--BACKGROUND/STATUS (NO CHARGE); REVIEW NOTES/PREPARATION FOR CONFERENCE | 154.00 |

PAYMENT IN FULL IS DUE UPON RECEIPT OF BILL. CREDIT WILL NOT BE EXTENDED, AND A DELINQUENCY CHARGE
... ACCRUED ON UNPAID BALANCES DUE MORE THAN 30 DAYS FROM DATE OF BILL.

## ROTHGERBER, APPEL, POWERS & JOHNSON LLP

REMIT PAYMENT TO:

ONE TABOR CENTER
SUITE 3000
1200 SEVENTEENTH STREET
DENVER, COLORADO 80202

OFFICES IN:

DENVER, COLORADO  (303) 623-9000
CHEYENNE, WYOMING  (307) 638-6262
COLORADO SPRINGS, COLORADO  (719) 386-3000

FED. TAX I.D.# 84-0423612

### JANUARY 31, 1997                                              PAGE    2

THE HONORABLE JOHN L. KANE, JR.

INVOICE NO. 8827411

108      46204      102

| Date | | Hours | Description | Amount |
|------|---|-------|-------------|--------|
| | | | CALL WITH COUNSEL; | |
| 5/24/96 | JML | 1.90 | TELEPHONE CONFERENCE(S) WITH COUNSEL; CONFERENCE WITH KRISTIN BRONSON/ RESEARCH/ESPECIALLY  SECTION 1292(0)4 AND BEVINS; TELEPHONE CONFERENCE(S) WITH JUDGE KANE/STATUS REPORT; | 418.00 |
| 5/30/96 | JML | .80 | REVIEW OF KRISTIN BRONSON RESEARCH MEMO--CONFERENCE WITH KRISTIN BRONSON/SCOPE OF DISCOVERY (DOCUMENTS AND DEPOSITIONS) RE REMAINING CLAIMS; | 176.00 |
| 6/04/96 | JML | 3.00 | REVIEW OF KRISTIN BRONSON MEMO--PROPOSED DISCOVERY RULINGS/SCOPE; CONFERENCE WITH KRISTIN BRONSON; VARIOUS TELEPHONE CONFERENCES WITH SHER (2), BESIKOFF; CONFERENCE WITH JUDGE KANE; REWORK DRAFT REPORT TO JUDGE KANE; REVIEW DEFENDANTS' MOTION AND BRIEF RE TRANSFER; &RVP LAINTIFF'S MOTION FOR FORTHWITH SANCTIONS; | 660.00 |
| 6/10/96 | JML | .90 | VARIOUS TELEPHONE CONFERENCES WITH SHER; REVIEW AIR FORCE RESPONSE/MOTION FOR SANCTIONS; | 198.00 |
| 6/11/96 | JML | .80 | VARIOUS TELEPHONE CONFERENCES WITH BESIKOF, JUDGE KANE; | 176.00 |
| 6/12/96 | JML | 1.00 | REVIEW KANE ORDER OF JANUARY 29, 1996; PREPARATIONFOR MEETING WITH DOJ/AF COUNSEL; | 220.00 |
| 6/14/96 | JML | 1.50 | MEETING WITH SHEILA CHESTON, AIR FORCE GENERAL COUNSEL, AND JOE SHER, DOJ--SETTLEMENT; | 330.00 |
| 6/17/96 | JML | .40 | TELEPHONE CONFERENCE(S) WITH DORIS BESIKOF (JUNE 16); | 88.00 |
| 6/24/96 | JML | .70 | TELEPHONE CONFERENCE(S) WITH JUDGE KANE--STATUS REPORT; TELEPHONE CONFERENCE(S) WITH DORIS BESIKOF; | 154.00 |
| 6/25/96 | JML | .50 | VARIOUS TELEPHONE CONFERENCES WITH JUDGE KANE, DORIS BESIKOF; | 110.00 |
| 7/17/96 | JML | 1.00 | REVIEW OF KRISTIN BRONSON MEMORANDA/RESEARCH RE DOD MEDICAL SCHOOL/MILITARY SCHLOARSHIOPS, HALL PROGNOSIS, TREATMENT PLAN; TELEPHONE CONFERENCE(S) WITH BESIKOF; | 220.00 |
| 7/18/96 | JML | 2.00 | MEETING WITH BESIKOF AND SAUMS; CONFERENCE WITH | 440.00 |

PAYMENT IN FULL IS DUE UPON RECEIPT OF BILL. CREDIT WILL NOT BE EXTENDED, AND A DELINQUENCY CHARGE
... BALANCES DUE MORE THAN 30 DAYS FROM DATE OF BILL

## ROTHGERBER, APPEL, POWERS & JOHNSON LLP

REMIT PAYMENT TO:

OFFICES IN:

ONE TABOR CENTER

SUITE 3000

1200 SEVENTEENTH STREET

DENVER, COLORADO 80202

DENVER, COLORADO (303) 623-9000

CHEYENNE, WYOMING (307) 638-6262

COLORADO SPRINGS, COLORADO (719) 386-3000

FED. TAX I.D.# 84-0423812

JANUARY 31, 1997                                         PAGE     4

THE HONORABLE JOHN L. KANE, JR.

INVOICE NO. 8827411

108       46204        102

| Date | | | Description | Amount |
|------|------|------|-------------|--------|
| 9/04/96 | JML | 1.00 | VARIOUS TELEPHONE CONFERENCES WITH SHER, BESIKOF, JUDGE KANE; | 220.00 |
| 9/05/96 | JML | .90 | TELEPHONE CALL(S) FROM BESIKOF; PREPARATION FOR COURT HEARING; | 198.00 |
| 9/06/96 | JML | 3.70 | VARIOUS TELEPHONE CONFERENCES WITH DORIS BESIKOF, SHEILA CHESTON; REVIEW SAUM MOTION AND AFFIDAVIT RE SETTLEMENT CONFERENCE; ATTEND COURT HEARING; CONTINUED SETTLEMENT DISCUSSIONS WITH COUNSEL; | 814.00 |
| 9/08/96 | JML | .70 | VARIOUS TELEPHONE CONFERENCES WITH SHEILA CHESTON (VM), DORIS BESIKOF; | 154.00 |
| 9/09/96 | JML | 1.30 | VARIOUS TELEPHONE CONFERENCES WITH SHEILA CHESTON (VM), FRANK HUNGER; TELEPHONE CONFERENCE(S) WITH DORIS BESIKOF AND SAUMS; | 286.00 |
| 9/10/96 | JML | .90 | VARIOUS TELEPHONE CONFERENCES WITH FRANK HUNGER, DORIS BESIKOF; | 198.00 |
| 9/11/96 | JML | 1.50 | VARIOUS TELEPHONE CONFERENCES WITH DORIS BESIKOF (2), MATT SLATER, AF/DGC, JUDGE KANE; | 330.00 |
| 9/12/96 | JML | .90 | TELEPHONE CONFERENCE(S) WITH DORIS BESIKOF; TELEPHONE CONFERENCE(S) WITH BESIKOF AND SHER; | 198.00 |
| 9/13/96 | JML | 1.50 | VARIOUS TELEPHONE CONFERENCES WITH SAUM, BESIKOF, SAUM AND BESIKOF; CONFERENCE WITH JUDGE KANE; | 330.00 |
| 9/16/96 | JML | 1.00 | VARIOUS TELEPHONE CONFERENCES WITH JOE SHER, DORIS BESIKOF, JUDGE KANE; | 220.00 |
| 9/23/96 | JML | .60 | REVIEW DOJ SETTLEMENT OFFER; | 135.00 |
| 9/25/96 | JML | .50 | LETTER TO COUNSEL/FINAL SETTLEMENT AND RULE 41(A) STIPULATION FOR DISMISSAL; | 112.50 |
| 9/27/96 | JML | .50 | VARIOUS TELEPHONE CONFERENCES WITH DORIS BESIKOF (2); | 112.50 |
| 10/11/96 | JML | .50 | LETTER TO COUNSEL; MEMO TO DORIS BESIKOF; | 112.50 |
| 10/14/96 | JML | .70 | REVIEW OF DRAFT TRUST/PURPOSES, PRINCIPAL INVASION AND TERMINATION; | 157.50 |
| 10/25/96 | JML | .50 | REVIEW OF BESIKOF CORRESPONDENCE/SHER LETTER--STATUS (TRUST); | 112.50 |
| 10/28/96 | JML | 1.00 | CONFERENCE CALL WITH SHER AND BESIKOF; TELEPHONE CONFERENCE(S) WITH BESIKOF; | 225.00 |
| 10/29/96 | JML | .80 | TELEPHONE CONFERENCE(S) WITH DORIS BESIKOF; REVIEW | 180.00 |

PAYMENT IN FULL IS DUE UPON RECEIPT OF BILL. CREDIT WILL NOT BE EXTENDED, AND A DELINQUENCY CHARGE OF 1½% PER MONTH WILL BE ASSESSED ON UNPAID BALANCES DUE MORE THAN 30 DAYS FROM DATE OF BILL.

ROTHGERBER, APPEL, POWERS & JOHNSON LLP

**REMIT PAYMENT TO:**

ONE TABOR CENTER

SUITE 3000

1200 SEVENTEENTH STREET

DENVER, COLORADO 80202

OFFICES IN.

DENVER, COLORADO (303) 623-9000

CHEYENNE, WYOMING (307) 638-6262

COLORADO SPRINGS, COLORADO (719) 386-3000

FED. TAX I.D.# 84-0423612

JANUARY 31, 1997                                        PAGE    5

THE HONORABLE JOHN L. KANE, JR.

INVOICE NO. 8827411

108        46204        102

|  |  |  | CORRESPONDENCE WITH SHER; |  |
|---|---|---|---|---|
| 10/30/96 | JML | .90 | LETTER TO PARTIES; TELEPHONE CONFERENCE(S) WITH MATT SLATER; | 202.50 |
| 11/08/96 | JML | 1.30 | REVIEW OF DORIS BESIKOF LETTERS; TELEPHONE CONFERENCE(S) WITH DORIS BESIKOF, FRANK HUNGER (2); | 292.50 |
| 11/12/96 | JML | .60 | LETTER TO COUNSEL; | 135.00 |
| 11/15/96 | JML | 1.00 | VARIOUS TELEPHONE CONFERENCES WITH FRANK HUNGER, DORIS BESIKOF; CONFERENCE WITH JUDGE KANE (NO CHARGE); REVIEW DRAFT SETTLEMENT AGREEMENT; | 225.00 |
| 11/18/96 | JML | .90 | REVIEW OF DORIS BESIKOF CORRESPONDENCE OF 11/18--SETTLEMENT AGREEMENT AND COMMENTS, DRAFT FORM OF ORDER FOR STATUS CONFERENCE; | 202.50 |
| 11/25/96 | JML | 1.00 | VARIOUS TELEPHONE CONFERENCES WITH JOE SHER, DORIS BESIKOF; FAX MEMO TO COUNSEL; | 225.00 |
| 11/26/96 | JML | 2.00 | VARIOUS TELEPHONE CONFERENCES WITH DORIS BESIKOF AND JOE SHER; REVIEW SETTLEMENT NOTES/SEPT. CORRESPONDENCE; REVIEW PROPOSED TRUST INSTRUMENT; | 450.00 |
| 11/27/96 | JML | 3.00 | VARIOUS TELEPHONE CONFERENCES WITH DORIS BESIKOF, SHEILA CHESTON, JOE SHER, JUDGE KANE; | 675.00 |
| 12/03/96 | JML | 1.50 | CONFERENCE CALL WITH DORIS BESIKOF, STEVE SAUM; TELEPHONE CONFERENCE(S) WITH JOE SHER; DRAFT REPORT/SETTLEMENT STATUS; | 337.50 |
| 12/04/96 | JML | 2.00 | VARIOUS TELEPHONE CONFERENCES WITH JOE SHER, DORIS BESIKOF, JUDGE KANE; REVIEW OF DEFENDANTS' MOTION FOR CLARIFICATION AND PLAINTIFF'S RESPONSE (DEC. 4-6); | 450.00 |
| 12/05/96 | JML | .70 | CONSULTATION WITH FRANK HUNGER; | 157.50 |
| 12/10/96 | JML | .50 | VARIOUS TELEPHONE CONFERENCES WITH FRANK HUNGER; | 112.50 |
| 12/11/96 | JML | 2.00 | VARIOUS TELEPHONE CONFERENCES WITH DORIS BESIKOF, SHEILA CHESTON, JUDGE KANE; REWORK REPORT TO COURT; | 450.00 |
| 12/12/96 | JML | 4.50 | VARIOUS CONFERENCES/NEGOTIATING AND DRAFTING SESSIONS WITH COUNSEL; REVIEW TENTH CIRCUIT ORDER/WRIT; TELEPHONE CONFERENCE(S) WITH JUDGE KANE; | 1012.50 |

PAYMENT IN FULL IS DUE UPON RECEIPT OF BILL. CREDIT WILL NOT BE EXTENDED. AND A DELINQUENCY CHARGE